

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 28, 2023

**BY ECF**
The Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *United States v. Roberto Vega*, 23 Cr. 112 (DLC)

Dear Judge Cote,

The Government respectfully submits this letter in advance of sentencing in the above-referenced matter. On April 21, 2023, defendant Roberto Vega pled guilty, without a plea agreement, to one count of assaulting a United States postal carrier, in violation of 18 U.S.C. § 111(a)(1) and (b). As set forth in the Government's *Pimentel* letter and the Presentence Investigation Report, the sentencing range under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") is 18 to 24 months' imprisonment. The Probation Office ("Probation") has recommended a sentence of 366 days, and the defendant has requested a sentence of time served.

For the reasons set forth below, a sentence within the Guidelines range would be appropriate and sufficient but not greater than necessary to serve the purposes of sentencing.

   A. Background and Offense Conduct

On the afternoon of November 7, 2022, the defendant entered the lobby of a residential apartment building in Manhattan, where a U.S. postal carrier in full uniform was actively delivering mail to the mailboxes in the building. (PSR ¶ 7.) As captured on building surveillance footage, the defendant engaged in a brief verbal altercation with the carrier which arose out of the carrier's request for more space to deliver the mail. (PSR ¶¶ 7, 8, 10.) The defendant exited the building to park his electric scooter and then immediately returned to the building lobby, where the carrier was still delivering mail. (PSR ¶ 8.) While the carrier's back was turned, the defendant punched the carrier in the head. (*Id.*) As a result, the two individuals got into a physical altercation, during which the defendant lifted and threw the carrier to the

Page 2

ground and also shoved him into a wall and into the mailboxes in the lobby. (*Id*.) Ultimately, bystanders intervened and separated the defendant from the carrier. (*Id*.) The carrier sustained a bloody nose and lip and received medication for back pain shortly after the incident. (PSR ¶ 9.)

In addition to the instant conviction, the defendant has three prior criminal convictions. Most recently, on August 12, 2015, he was convicted in New York County Supreme Court of aggravated criminal contempt for violating an order of protection by causing physical injury. (PSR ¶ 31.) Specifically, he went to the apartment of his ex-girlfriend – whom had an order of protection against him – and "taser[ed]" her, causing her to be hospitalized and suffer a burn on her hip. (*Id*.) The defendant was sentenced to a term of three to six years' imprisonment for this offense. During his incarceration, he sustained two disciplinary infractions, including one for violent conduct and fighting and the other for cocaine use. (*Id*.)

On May 8, 2013, while on probation, he was convicted of selling a controlled substance in the third degree in New York County Supreme Court and sentenced to one year of imprisonment. (PSR ¶ 30.) He and his father sold seven glassines of heroin to an undercover police officer inside a New York City housing development, and within 1,000 feet of a school. (*Id*.)

Lastly, on May 28, 2009, in New York County Supreme Court, he was convicted of second-degree robbery involving the display of a firearm and sentenced to five years' probation. (PSR ¶ 29.)

## B. Applicable Law

The United States Sentencing Guidelines still provide strong guidance to courts following *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), *abrogated on other grounds by United States v. Fagans*, 406 F.3d 138, 142 (2d Cir. 2005). Although the Guidelines are no longer mandatory, because they are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall v. United States*, 128 S. Ct. 586, 594 (2007), district courts must treat the Guidelines as the "starting point and the initial benchmark" in sentencing proceedings, *id*. at 596. After that calculation, a sentencing judge must consider the seven factors outlined in Title 18, United States Code, Section 3553(a), which include the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; the defendant's need for rehabilitation; the kinds of sentences available; and the need to avoid unwarranted disparities in the sentences imposed on similarly situated defendants.

## C. Discussion

A Guidelines sentence of between 18 and 24 months' imprisonment would appropriately reflect the seriousness of the offense, afford adequate deterrence, and protect the public from further crimes of the defendant.

Page 3

The seriousness of the offense calls for a meaningful custodial sentence. The defendant physically attacked a uniformed U.S. postal carrier actively delivering mail inside a residential building – prompted by nothing more than the carrier's request for more space to do his job. The defendant was not physically provoked in any way. Instead of simply leaving the scene, the defendant threw a punch at the carrier's head while the carrier's back was turned. During the course of the ensuing fight, the defendant pushed the carrier into the metal mailbox panel, lifted the carrier, and threw him to the ground. The altercation ended only when bystanders intervened. The carrier sustained multiple injuries, including a bloody nose and lip and received pain medication from a medical provider that day for his back pain.

A significant sentence is also required to deter the defendant and protect the public from further crimes by him, especially since the assault on the postal carrier is one of many prior acts of violent and dangerous behavior by the defendant. For instance, the defendant's most recent prior conviction, in 2015, involved him violating a court order of protection by showing up at the home of his ex-girlfriend and mother of one of his children to taser her and then attempt to flee from the police. Despite being sentenced to a term of three to six years' imprisonment and serving approximately two years in prison for that conduct, that sentence was insufficient to deter the defendant from committing future assaults, namely the instant attack on the postal carrier.

Besides the prior violent acts, the defendant also has a history of being involved with drugs and possessing dangerous weapons, which further underscores his dangerousness. As recently as two months prior to assaulting the postal carrier, the defendant was arrested for disorderly conduct and found to be carrying brass knuckles in his vehicle. (PSR ¶ 32.) The defendant asserts that his prior criminal behavior stemmed from serious mental health conditions and drug addition, both of which are now being treated and addressed while he is incarcerated, and thus, he is on the path to becoming a law-abiding citizen. Unfortunately, these assertions – while promising – are heavily undermined by the fact that the defendant had previously completed not one, but two drug and alcohol programs as well as a domestic violence course, *see* PSR ¶ 31, but these treatments failed to prevent him from committing the instant unprovoked assault.

The below-Guidelines sentences sought by the defendant and recommended by Probation fail to adequately account for the significant need for deterrence and protection of the public given that the instant offense is only the latest act of violence within the broader pattern of the defendant's history of dangerous conduct. The defendant has already had multiple opportunities after serving prior terms of imprisonment to demonstrate that he can change and commit to a law-abiding life. But the fact that he is once again before a court facing punishment for another crime shows that he has not yet been adequately deterred, and that he is someone from whom the public must be protected. Accordingly, a Guidelines sentence is warranted here.

Page 4

                                        Respectfully submitted,

                                        DAMIAN WILLIAMS
                                        United States Attorney

                         By:    /s/_____
                                        Katherine Cheng
                                        Assistant United States Attorney
                                        Tel.: (212) 637-2492

cc:    Marisa K. Cabrera, Esq. (via ECF)